

**Entered on Docket
September 29, 2009**

_____
**Hon. Linda B. Riegle
United States Bankruptcy Judge**
_____

Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Sean E. McClenahan, Esq.
Nevada Bar No. 10141
The Schwartz Law Firm, Inc.
626 S. Third Street
Las Vegas, Nevada 89101
Telephone: (702) 385-5544
Facsimile: (702) 385-2741
Attorneys for the Debtors

**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| Adalberto and Zenaida Gonzalez, | ) Case No. 09-21070-LBR |
| | ) Chapter 13 |
| | ) Hearing Date: September 3, 2009 |
| Debtor. | ) Hearing Time: 3:30 P.M. |
| _____ | ) |

**ORDER GRANTING MOTION TO VALUE COLLATERAL,
"STRIP OFF", "CRAM DOWN" AND MODIFY RIGHTS OF LENDER**

Upon the motion (the "**Motion**") of Adalberto and Zenaida Gonzalez, the Debtors in the above captioned proceeding (collectively the "**Debtors**"), for their investment property located at 5944 Hickory Nut Avenue, Las Vegas, Nevada 89142 ("**Subject Property**"), requesting entry of an order to Value Collateral, "Strip Off", "Cram Down" and Modify Rights of Countrywide Home Lending ("**Countrywide**") pursuant to 11 U.S.C. § 506(a) and § 1322 finding that the second lien is unsecured; and due notice of the Motion and the hearing of the Motion having been given to all parties entitled thereto; and a hearing having been held before this Court on September 3, 2009 (the "**Hearing**"), to consider approval of the Motion, at which time all parties

1

in interest were afforded an opportunity to be heard; and the Court finding that the property has a value of $105,000.00; it is hereby:

**ORDERED** that the Motion is **GRANTED**; it is further

**ORDERED** that Countrywide's secured first lien claims, loan number 135382057 (the "**First Loan**"), are only partially secured and thus must be bifurcated into secured and unsecured claims as follows: $105,000.00 and $138,933.00, respectively; and it is further

**ORDERED** that Countrywide's secured second lien claims, loan number 135382049 (the "**Second Loan**"), are "Stripped Off" and shall be treated "general unsecured claims" pursuant to 11 U.S.C. Section 506(a); and it is further

**ORDERD** that Countrywide's Second Loan and the unsecured portion of the First Loan be reclassified as general unsecured claims to be paid pro rata with other general unsecured creditors through the Debtors' Chapter 13 plan; and it is further

**ORDERED** that Countrywide's Second Loan secured rights and/or lien-holder rights in the Subject Property are hereby terminated; and it is further

**ORDERED** that the Debtors' must complete their Chapter 13 plan and receive a discharge or the liens may be reinstated; and it is further

**ORDERED** that as provided by Fed. R. Bankr. P. 7062, this Order shall be effective and enforceable immediately upon entry.

Submitted by:
The Schwartz Law Firm, Inc.

By /s/ Sean McClenahan                                          _____
Sean McClenahan #10141                                          Rick A. Yarnall
Attorneys for Plaintiff                                         Chapter 13 Trustee

2

**SUBMISSION TO COUNSEL FOR APPROVAL PURSUANT TO LR 9021**
In accordance with LR 9021, counsel submitting this document certifies as follows (check one):

__ The court has waived the requirement of approval under LR 9021.

__ No parties appeared or filed written objections, and there is no trustee appointed in the case.

_X_ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and any trustee appointed in this case and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

    APPROVED:

    DISAPPROVED:

    FAILED TO RESPOND: Rick A. Yarnall